# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. MJ413-057 |
| ) | |
| LARRY STEVEN FARMER ) | |

**UNDER SEAL**

## REPORT AND RECOMMENDATION

In 2013 the Government filed a criminal complaint alleging, *inter alia*, that defendant Larry Steven Farmer violated 18 U.S.C. § 875(c) by threatening others with bodily injury via internet posts. Doc. 1 at 6. The Court subsequently found him "mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. 18 U.S.C. § 4241(d)." Doc. 13 at 2. He therefore was committed to the custody of the Attorney General for suitable treatment, *id.*, *adopted*, doc. 15, and the Court is now in receipt of an updating (December 10, 2014) Forensic Mental Health Evaluation that recommends an "additional

hospitalization period . . . to involuntarily administer psychotropic medication to restore Mr. Farmer to competency pursuant to the Supreme Court *United States v. Sell* decision [539 U.S. 166 (2003)]." Doc. 16 at 11 (brackets original).[1]

There being no objection,[2] the Court concurs with the forensic report. Based upon the unrebutted psychological evidence, the Court finds by a preponderance of the evidence that the defendant continues to presently suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or assist properly in his defense. 18 U.S.C. § 4241(d).

---

[1]  *See Sell*, 539 U.S. at 179-80 (government can involuntarily administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests); 1 CRIM. PRAC. MANUAL § 3:14 (Nov. 2014). Involuntary treatment, for that matter, is a relatively rare process, 1A WRIGHT & MILLER: FED. PRAC. & PROC. CRIM. § 208 (4th ed. Nov. 2014), but the mental health experts recommend it here, and there is no objection. *See supra* n. 2.

[2]  "The Defendant does not challenge the admissibility of the Report and has no other evidence to present at a hearing on Defendant's present mental competency to stand trial." Doc. 17 at 2. And the government "will rely upon the Report as its sole evidence to argue its respective position with respect to Defendant's present mental competency to stand trial." *Id.* Hence, "[t]he parties will rely upon the Court's discretion to adjudicate Defendant's present mental competency to stand trial." *Id.*

It is therefore **RECOMMENDED** that the Attorney General continue custody and that the Federal Medical Center be authorized to involuntarily administer antipsychotic medication to Farmer over a period of up to four months, as described in the proposed treatment plan set forth in doc. 16. In the event Mr. Farmer refuses any of these procedures, the FMC Devens treatment staff should be authorized to administer them against his will. They are further authorized to perform any physical and laboratory assessments and monitoring clinically indicated to monitor for medication side effects. Upon presentation of a Consent Order by the government and defense counsel, the Court will be inclined to authorize ongoing involuntary treatment until the conclusion of all pretrial and trial proceedings.

Finally, because neither party opposes defendant's further commitment for this purpose, the Clerk is **DIRECTED** to submit this Report and Recommendation to the assigned district judge forthwith.

**SO REPORTED AND RECOMMENDED** this 14th day of January, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA