# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.  MJ413-057 |
| | ) | |
| LARRY STEVEN FARMER, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ORDER

This Court previously found Larry Steven Farmer to be mentally incompetent under 18 U.S.C. § 4241(d).  Doc. 15. He is currently undergoing treatment at a Federal Medical Center in Massachusetts to determine whether he can attain the capacity to permit the proceedings to go forward.[1]   His attorney has filed a "Motion for Extraordinary Relief," asking that the Court appoint "Associate Counsel" authorized to practice in Massachusetts.  Doc. 21.  As the Court does not believe that the appointment of additional counsel is currently necessary for the adequate representation of this defendant, the motion is **DENIED**.

---

[1] "Every defendant has a substantive fundamental right under the Due Process Clause not to be tried or convicted while incompetent." *United States v. Wingo*, ___ F.3d ___, 2015 WL 3698157 at * 7 (11th Cir. June 16, 2015).

## I.  BACKGROUND

In 2013, the Government filed a criminal complaint alleging, *inter alia*, that defendant Farmer violated 18 U.S.C. § 875(c) by threatening others with bodily injury via internet posts.  Doc. 1 at 6.  The Court appointed counsel to represent Farmer under 18 U.S.C. § 3006A.  Finding reasonable cause to suspect his mental competency, the Court ordered him to be evaluated, doc. 6, and relying on the resulting forensic report, doc. 10, it determined that he lacked the capacity "to understand the nature and consequences of the proceedings against him or assist properly in his defense.  18 U.S.C. § 4241(d)."  Doc. 13 at 2.  The Court committed him to the custody of the Attorney General for suitable treatment, "not to exceed four months," to determine whether his competency might be restored.  *Id. (adopted, doc. 15).

On December 10, 2014, the Court received an updating Forensic Mental Health Evaluation that recommended an "additional hospitalization period . . . to involuntarily administer psychotropic medication to restore Mr. Farmer to competency pursuant to the Supreme Court *United States v. Sell* decision [539 U.S. 166 (2003)]."  Doc. 16 at 11

(brackets original). Receiving no objection, the Court concurred with that evaluation. Based upon the unrebutted psychological evidence, it found that Farmer continued to suffer from a mental disease or defect rendering him mentally incompetent under 18 U.S.C. § 4241(d). So, the Court authorized the Federal Medical Center to administer antipsychotic medication, involuntarily if necessary, over a period of up to four months, as described in a proposed treatment plan. Doc. 18 (R&R entered Jan. 14, 2015); doc. 20 (Order adopting R&R entered Jan. 16, 2015).

## II.  ANALYSIS

Those four months have come and gone. "A federal court which has committed a person as mentally incompetent has a duty to inquire from time to time into the mental status of such person." *Begay v. United States*, 2015 WL 1540982 at * 3 (D. Colo. Apr. 1, 2015); *accord United States v. Houston*, 2015 WL 859485 at * 1 (2nd Cir. Mar. 2, 2015) ("District courts have an independent and continuing obligation to ensure a defendant's competency."). At the Court's direction, a Deputy Clerk contacted Farmer's treating psychologist to ask about his status. She learned that while the Federal Medical Center's staff had been regularly

checking the Court's docket, they did not learn of the January 16, 2015 Order directing that Farmer be given antipsychotic medication until April 15, 2015, as that Order had been placed under seal and no one notified the Medical Center of the Order's existence. Immediately upon receiving notice of the January Order, they proceeded to treat Farmer with appropriate medication. Hence, Farmer has only been on involuntary medication for approximately three weeks, rather than for the past four months, as the Court intended.

The relevant statutory provisions provide that a court may commit a defendant for treatment aimed at restoring his competency for a period of "four months," *and* "for an additional reasonable period of time." 18 U.S.C. § 4241(d). While other sections of the statute place stricter time limitations on the period for assessing a defendant's competency under § 4241(a), (b), and (c), or dangerousness under § 4246, *see* 18 U.S.C. § 4247(b), greater temporal flexibility is allowed during the *treatment* phase of a defendant who has been found to be incompetent. 18 U.S.C. § 4241(d). Through an oversight, the Court-authorized administration of antipsychotic drugs was delayed for some three months (from

mid-January to mid-April 2015) because the medical director of the Massachusetts facility had no knowledge of the Court's January 16, 2015 Order. This was an unfortunate delay. The Court, however, can take measures to mitigate any prejudice to the defendant, in this way: Given the delay in commencing appropriate treatment, the Federal Medical Center is directed to complete Farmer's treatment within *45 days* from the entry of this Order. The Court finds that this additional period is "reasonable" under § 4241(d)(2).

If at the end of this time period the director of the Federal Medical Center determines that Farmer has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense, then the director shall promptly transmit a certificate to that effect to the Clerk of this Court. § 4241(e). The Court will then hold a hearing pursuant to § 4247(d) to determine Farmer's competency. *Id.* If he is determined to be competent, the Court will "set the date for trial or other proceedings." § 4241(e).

If, on the other hand, Farmer's mental condition has not so

improved as to permit the criminal case to proceed, then he will be subject to the provisions of § 4246. Under that provision, if the director of the Federal Medical Center determines that, because of some mental disease or defect, Farmer's release "would create a substantial risk of bodily injury to another person or serious damage to property of another," then the director shall issue a certificate "to the clerk of court for the district in which [Farmer] is confined," § 4246(a), which in this instance is the United States District Court for the District of Massachusetts. It is *that* Court, not this Court, that is statutorily required to "order a hearing to determine whether . . . [Farmer's] release would create a substantial risk" of harm. *Id.* Prior to any such hearing, that Court will ensure that Farmer is represented by qualified counsel. In the meantime, Farmer is well represented by counsel in this District, who will handle any further competency hearings or criminal proceedings before this Court. The motion to appoint Associate Counsel is therefore **DENIED**.

The Court's prior rulings directing further evaluation and treatment of Mr. Farmer were improvidently sealed.[2] The Clerk

---

[2] In both civil and criminal cases courts recognize a common-law public right of

therefore is **DIRECTED** to unseal docs. 18, 19, and 20. The forensic reports issued by the medical center's treating psychologists, doc. 10 and 16, will remain under seal.

      **SO ORDERED** this ___22nd___ day of June, 2015.

_/s/ J.R. Smith_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

access to judicial proceedings and records. *United States v. Bradley*, 2007 WL 1703232 at * 1 (S.D. Ga. June 11, 2007). "A party may overcome the presumption of public access by showing an overriding interest based on findings that closure is essential to preserve higher values, and that the sealing is narrowly tailored to serve that interest." *Id.* at * 2 (citing *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005); *Butler v. United States*, 2014 WL 468883 at * 3 (M.D. Ga. Feb. 5, 2014). No such showing has been made in this case, and therefore the Court's routine orders directing the Medical Center to evaluate and treat defendant's mental condition should not have been sealed.